**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANTHONY L. COOPER,

       Plaintiff,

vs.                                          Case No. 3:10-cv-849-J-32MCR

CENTRIC GROUP, LLC d/b/a
KEEFE SUPPLY COMPANY,
REPUBLIC TOBACCO, LP, and
TOP TOBACCO, LP,

       Defendants.

_____

**<u>ORDER</u>**

This case is before the Court on Defendant Centric Group, LLC d/b/a Keefe Supply

Company's ("Keefe") Motion to Dismiss (Doc. 23) and Plaintiff's response thereto (Doc. 24).

For the reasons below, Keefe's Motion is due to be granted.

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all

well-pled factual allegations in the non-moving party's pleading as true and consider the

allegations in the light most favorable to the non-moving party. <u>Castro v. Sec'y of Homeland</u>

<u>Sec.</u>, 472 F.3d 1334, 1336 (11th Cir. 2006); <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir.

2003). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129

S.Ct. 1937, 1949 (2009)(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

A claim is facially plausible where the Court can make a reasonable inference based on the

facts pled that the opposing party is liable for the alleged misconduct. <u>Iqbal</u>, 129 S. Ct. at

1949 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, 'but we are not required to draw plaintiff's inference.'"  <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting <u>Aldana v. Del Monte Fresh Produce, N.A., Inc.</u>, 416 F.3d 1242, 1248 (11th Cir. 2005)).  "Similarly, 'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations."  <u>Id.</u>; <u>see also</u> <u>Iqbal</u>, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

The First Amended Complaint states that it "is a complaint against Defendants[1] seeking compensatory damages in accordance with the Florida Supreme Court's class action decision and mandate in <u>Engle v. Liggett Group, Inc.</u>, 945 So. 2d 1246, (Fla. 2006)."  Am. Compl. ¶ 1.  Plaintiff's reliance on <u>Engle</u> is misplaced for myriad reasons.  First, Plaintiff has failed to allege that Keefe was a party to the <u>Engle</u> litigation and thus would be bound by it.  In addition, Plaintiff has not alleged that he is a member of the <u>Engle</u> "class" who could claim the benefit of the Phase I "common core findings," which apparently form the sole basis of his Amended Complaint.  <u>See</u> <u>Engle</u>, 945 So. 2d at 1277 (providing a class cut-off date of November 21, 1996).  Lastly, even if Keefe were a proper <u>Engle</u> defendant and

---

[1]   The First Amended Complaint names three defendants, but does not differentiate among the three in any way; in fact, it is unclear whether Plaintiff alleges them to be distinct entities.  <u>See</u> Am. Compl. ¶ 8 ("Defendants Centric Group, LLC d/b/a Keefe Supply Company, Republic Tobacco, LP and Top Tobacco, LP *is* incorporated in Delaware with its principal place of business in St. Louis, Missouri.")(emphasis added).  Keefe, to date, is the only defendant to make an appearance in this action, and there is no indication that Plaintiff has made any effort to serve the First Amended Complaint on either Republic Tobacco, LP or Top Tobacco, LP within the timeframe required by Fed.R.Civ.P. 4(m).

Plaintiff were a proper member of the <u>Engle</u> class, Plaintiff's claim, which was filed in state court on August 24, 2010, would be untimely under <u>Engle</u>.  <u>See id.</u> (requiring that individual class members who wished to pursue individual claims file actions within one year of the Florida Supreme Court's mandate, leaving a deadline of January 11, 2008).

Apart from its misplaced recitation of <u>Engle</u>'s findings, the First Amended Complaint contains no factual allegations which would give rise to a reasonable inference that Keefe is liable for the alleged misconduct.[2]  This is Plaintiff's second complaint; further effort to amend would be futile.  Accordingly, it is hereby

**ORDERED**:

1.    Defendant Centric Group, LLC d/b/a Keefe Supply Company's Motion to Dismiss (Doc. 23) is **GRANTED,** and Plaintiff's claims against Keefe are **DISMISSED WITH PREJUDICE**.

2.    **No later than April 29, 2011**, Plaintiff shall clarify his intentions as to the remaining named defendants in this case.  Failure to do so will result in the dismissal of this action with respect to the remaining defendants.

---

[2]    In fact, the First Amended Complaint (to say nothing about Plaintiff's response in opposition to Keefe's motion to dismiss) is so poorly drafted and so bereft of well-pled facts that it is hard to decipher what misconduct Keefe is alleged to be liable for.  Further, Plaintiff's filings are rife with internal inconsistencies, incorrect standards of law, and violations of both the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff's counsel is strongly encouraged to familiarize himself with both of the latter before proceeding with any further filings in this Court.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of April, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:
counsel of record

4